NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| G AND B II, P.C., | : | |
| | : | Civ. No. 04-1286 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff G&B II, P.C., for summary judgment on its claim of wrongful levy and wrongful taking against the United States of America. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, plaintiff's motion for summary judgment is denied.

**I. BACKGROUND**

The undisputed facts set forth in the parties' submissions are as follows. In the early 1990's, law firms in which C. William Garratt was then a shareholder obtained judgments in Michigan state court against John Z. DeLorean for unpaid legal fees and costs, malicious prosecution, and sanctions in relation to commercial litigation matters in the United States Bankruptcy Court for the Eastern District of Michigan where the firms represented DeLorean. A Michigan state court judge entered an order enjoining DeLorean from dissipating his assets and

appointed Lawrence Friedman, a Michigan attorney, as Receiver of DeLorean's assets.

In or around 1995, it was discovered that DeLorean had transferred several hundred thousand dollars to his California lawyer, Edward Friedberg, and his law firm, in violation of the Michigan court's injunction. The Receiver, Friedman, acting pro se, and Garratt, as attorney for Garratt Law Firm, representing the various Garratt law firms, filed a Complaint against Friedberg and several entities. This recovery action was filed in Michigan state court, but defendants removed the case to the United States District Court for the Eastern District of Michigan ("Eastern District"). Following a jury trial rendering a verdict against Friedberg on claims of tortious interference and conversion, judgment was entered against Friedberg on December 3, 1999, in the amount of $800,000. The judgment was to have been paid to the Receiver within thirty days, but no portion of the judgment was paid.

In September 1999, in the midst of the trial in the Eastern District, DeLorean filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). On October 8, 1999, Simon Kimmelman was appointed Trustee of the bankruptcy estate. On April 6, 2000, an order was entered in the Eastern District staying proceedings there due to the filing of the bankruptcy petition. On May 24, 2000, the Chapter 11 bankruptcy proceeding was converted to a proceeding under Chapter 7 of the Bankruptcy Code.

In January 2001, Kimmelman filed a complaint for declaratory relief in an adversary proceeding in the Bankruptcy Court against C. William Garratt, his associated law firms, Friedman, and the Friedberg law firm. A settlement agreement was executed with respect to this action, and memorialized by Order of this Court, assigning the plaintiffs in the Eastern District action Kimmelman's powers to pursue the Freidberg recovery claim in return for payment of

$15,000 immediately, together with the first $10,000 obtained from the Freidberg recovery claim, and twenty-five percent of any gross recovery in excess of $10,000 received from the claim.

In January 2002, the Friedberg law firm entered into a settlement agreement with Kimmelman, as trustee for the bankruptcy proceeding, and the Garratt law firms. The agreement provided for payment of $235,000 from the Friedberg law firm to Kimmelman, of which $158,000 was to be distributed to Garratt & Bachand, P.C., and the remaining $77,000 retained by Kimmelman on behalf of the DeLorean estate. The settlement agreement was approved by Order of this Court on March 18, 2002.

After the Freidberg law firm made the payment in September 2002, the Internal Revenue Service ("IRS") issued a Notice of Levy to Kimmelman on September 6, 2002, requiring him to turn over to the IRS any property and rights to property of plaintiff G&B II, P.C. ("Plaintiff"), which was identified as the nominee or fraudulent transferee of Garratt. Kimmelman paid to the IRS the $158,000 that otherwise would have been paid to Plaintiff and this sum was applied to Garratt's unpaid tax liabilities.

Plaintiff then commenced the current suit in the Eastern District, alleging that the levy was wrongful under 26 U.S.C. § 7426 and that it constituted a wrongful taking under the Fifth Amendment to the United States Constitution. The United States ("Defendant") filed a motion to dismiss the case for improper venue. The Eastern District declined to dismiss the case but transferred it to this Court.

## II. DISCUSSION

### A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof

4

on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a

genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

B. <u>Plaintiff's Motion for Summary Judgment Is Denied Because of Numerous Issues as to Material Facts</u>

As a preliminary matter, the Court notes that while Defendant submitted a statement of material facts to which there exist genuine issues, Plaintiff did not. Furthermore, in its reply brief where Plaintiff had an opportunity to specifically respond to Defendant's statement of material facts, Plaintiff merely included an almost verbatim recitation of the argument from its initial brief in support of its motion for summary judgment. Therefore, the Court finds that either those facts are admitted by Plaintiff or the existence of genuine issues is uncontested.

The facts set forth by the parties present genuine issues of material fact sufficient to deny Plaintiff's motion for summary judgment. Plaintiff contends that the money that was the subject

of the IRS levy constituted "legal fees that Plaintiff had earned and was owed" and "were not Mr. Garratt's, but were for the partial payment of legal fees owed to, and costs advanced by, Garratt & Bachand, P.C." with respect to the litigation described above. (Pl.'s Br. at 1-2.) However, Defendant's Local Civil Rule 56.1 statement contests both of those statements of alleged fact.

Thus, although the Internal Revenue Code provides that a lien shall not be valid with respect to a judgment or settlement amount "as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement," 26 U.S.C. § 6323, it is unclear from the parties' submissions whether the amount owed to Garratt & Bachand was for payment of legal fees. Both the settlement agreement and the Order of this Court memorializing that agreement are silent as to the purpose of the payment to Garratt & Bachand. Given that the judgment against Friedberg included claims of tortious interference and conversion, it is not undisputed that the amount of the settlement agreement earmarked for Garratt & Bachand was solely for the payment of legal fees and therefore it cannot be definitively stated that the lien is not valid pursuant to Section 6323.

Furthermore, to the extent that Plaintiff had not been formed at the time the lawsuit was filed, there is a material issue as to whether it was owed any legal fees pursuant to the settlement. This issue also relates to Plaintiff's second claim that the IRS lien constituted an unlawful taking in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. To the extent that there is a dispute as to Plaintiff's existence at the time of the settlement agreement, there is a genuine issue as to the material fact of whether Plaintiff has what it alleges is "a legitimate and constitutionally protected property interest in the $158,000 in settlement

proceeds" from the settlement agreement.

Therefore, pursuant to Federal Rule of Civil Procedure 56, there exist genuine issues of material facts and Plaintiff's motion for summary judgment is denied.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: February 21, 2006



                                               s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.